**FILED**
**Mar 23, 2021**
**02:09 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **Rick Webb,** | ) | **Docket No.: 2020-01-0604** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Waupaca Foundry, Inc.,** | ) | **State File No.: 15016-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Sentry Casualty Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER
## GRANTING SUMMARY JUDGMENT

The Court heard Waupaca's Motion for Summary Judgment on March 22, 2021. Waupaca argued that Mr. Webb has no evidence to show he is entitled to an award beyond future medical benefits and $3,363.98 in permanent partial disability benefits. For the reasons below, the Court agrees and grants the motion.

### *Procedural History and Material Facts*

Waupaca filed a Petition for Benefit Determination seeking assistance in mediating a settlement of Mr. Webb's right-shoulder injury. The Dispute Certification Notice stated the parties stipulated the only issue was the extent of permanent disability.

Waupaca filed this Motion for Summary Judgment in compliance with Tennessee Rules of Civil Procedure 56.03, and Mr. Webb did not file a response. At the hearing, Mr. Webb stated he did not object to Waupaca's motion.[1]

Waupaca introduced the following undisputed material facts. Mr. Webb injured his right shoulder while working for Waupaca on February 26, 2019. Waupaca provided

---

[1] At the motion hearing, counsel for Mr. Webb requested a continuance. The Court denied the request, since it was not timely filed.

1

authorized treatment with Dr. Jonathan Shaver, who placed Mr. Webb at maximum medical improvement on October 28 with a one-percent impairment rating. Mr. Webb's compensation rate is $747.55, and he returned to work for Waupaca earning his pre-injury hourly rate of pay.

Waupaca argued that these facts showed Mr. Webb is entitled to permanent partial disability benefits of $3,363.98 with open future medical benefits, and that Mr. Webb failed to prove he is entitled to anything more.

*Law and Analysis*

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. To meet this standard, Waupaca must either: (1) submit affirmative evidence that negates an essential element of Mr. Webb's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Waupaca satisfies this burden, Mr. Webb must then show that the record contains specific facts upon which a trier of fact could base a decision in his favor. *Rye*, at 265.

Here, the Court finds Waupaca met its burden by demonstrating that Mr. Webb's evidence is insufficient to establish he is entitled to a permanent partial disability benefit award greater than $3,363.98 under Tennessee Code Annotated section 50-6-207(3)(A) and (B) (2020). Mr. Webb did not file a response to the motion for summary judgment nor did he object to it. Therefore, the Court holds there is no genuine issue for trial and grants Waupaca's motion.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Webb shall recover from Waupaca permanent partial disability benefits in the total amount of $3,363.98.

2. Mr. Webb shall receive lifetime future medical benefits under the statute.

3. Mr. Webb's attorney is awarded an attorney's fee of twenty percent to be paid from his award.

4. Unless appealed, this order shall become final in thirty days.

5. The Court assesses the $150.00 filing fee against Waupaca under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue as necessary.

6. Waupaca must pay the filing fee to the Clerk within five business days of the order becoming final.

7. Waupaca shall file form SD-2 with the Clerk within ten business days of this order becoming final.

**It is ORDERED.**

**ENTERED March 23, 2021.**

_Audrey Headrick_

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 23, 2021.

| Name | Certified Mail | Email | Service sent to; |
|---|---|---|---|
| Scott Wesson, A.J. Walker, Employee's Attorneys | | X<br>X | scottwesson@warrenandgriffin.com<br>aj@warrenandgriffin.com<br>kay@warrenandgriffin.com |
| Catheryne L. Grant, Taylor Pruitt, Employer's Attorneys | | X<br>X | catherynelgrant@feeneymurray.com<br>trp@feeneymurray.com<br>kelsey@feeneymurray.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a
true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described
in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this
case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*